Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Los Angeles, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiffs*
*Coach Inc., and Coach Services, Inc.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'10 CV 1344 JAH    CAB

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ALLURING, an unknown business entity; VO SY, an individual, JACQUELINE SY, and individual; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. CV <br><br> **COMPLAINT FOR DAMAGES:** <br><br> 1. **TRADEMARK COUNTERFEITING;** <br><br> 2. **FEDERAL TRADEMARK INFRINGEMENT;** <br><br> 3. **FALSE DESIGNATIONS OF ORIGIN AND FALSE ADVERTISING;** <br><br> 4. **FEDERAL TRADEMARK DILUTION;** <br><br> 5. **TRADEMARK DILUTION UNDER CALIFORNIA LAW;** <br><br> 6. **COMMON LAW UNFAIR COMPETITION;** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Coach, Inc., and Coach Services, Inc. ("Plaintiffs") for their claims against Defendants Alluring, Vo Sy, and Jacqueline Sy (collectively "Defendants") respectfully allege as follows:

///

///

1
**COMPLAINT FOR DAMAGES**

## JURISDICTION AND VENUE

1. Plaintiffs file this action against Defendants for trademark infringement and trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of unfair competition and trademark dilution under the statutory and common law of the State of California. This Court has subject matter jurisdiction over the Federal trademark counterfeiting and infringement and trademark dilution claims pursuant to 28 U.S.C.A §§1121(a), 1331, 1338(a).

2. This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C.A § 1367, since those claims are related to and arise from the same set of facts as Plaintiffs' trademark infringement claims.

3. This Court has personal jurisdiction over Defendants because Defendants do business within this judicial district, and the acts complained of occurred in this judicial district.

4. This action arises out of wrongful acts by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

5. Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York. Plaintiff Coach Services, Inc., a wholly owned subsidiary of Coach, Inc., is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Jacksonville, Florida. Plaintiffs Coach, Inc. and Coach Services, Inc. will hereinafter be collectively referred to as "Coach."

6. Upon information and belief, Defendant Alluring is an unknown business entity with an office and principal place of business at 7710 Balboa Ave. Ste. 310, San Diego, California 92111.

7. Upon information and belief, Defendant Vo Sy is an individual domiciled in this judicial district and/or doing business at Alluring.

8. Upon information and belief, Defendant Jacqueline Sy is an individual domiciled in this judicial district and/or doing business at Alluring.

9. Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sue them by their fictitious names. Plaintiffs will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiffs are informed and believe, and based thereon allege, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

10. Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiffs further allege that Defendants and DOES 1 through 10, inclusive, had a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. The Coach Brand and its Family of Marks

11. Coach was founded more than sixty years ago as a family-run workshop in Manhattan. Since then Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, accessories, eyewear, footwear, jewelry and watches. Coach sells its goods through its own specialty retail stores, department stores, catalogs and via an Internet website www.coach.com throughout the United States.

12. Coach is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components (collectively "Coach Marks"). Coach Marks include but are not limited to the following marks:

| Mark | U.S. Registration No(s). | Registration Date |
|---|---|---|
| "COACH" | 751,493 | 06/25/1963 |
| | 1,071,000 | 08/09/1977 |
| | 2,088,706 | 08/19/1997 |
| | 3,157,972 | 10/17/2006 |
| Coach est. 1941 | 3,413,536 | 04/15/2008 |
| (Coach circular logo) | 3,251,315 | 06/12/2007 |
| COACH LEATHERWARE EST. 1941 | 3,441,671 | 06/03/2008 |
| COACH | 2,252,847 | 06/15/1999 |
| | 2,534,429 | 01/29/2002 |
| COACH | 1,309,779 | 12/18/1984 |
| | 2,045,676 | 03/18/1997 |
| | 2,169,808 | 06/30/1998 |
| Signature "C" Logo | 2,592,963 | 07/09/2002 |
| | 2,626,565 | 09/24/2002 |
| | 2,822,318 | 03/16/2004 |
| | 2,832,589 | 04/13/2004 |
| | 2,822,629 | 03/16/2004 |
| | 3,695,290 | 10/13/2009 |

| Mark | Registration No. | Date |
|---|---|---|
| Coach "Op Art" Mark | 3,696,470 | 10/13/2009 |
| | 3,012,585 | 11/08/2005 |
| | 3,338,048 | 11/11/2007 |
| | 2,162,303 | 06/02/1998 |
| | 2,088,707 | 08/19/1997 |

13.  Coach has long been manufacturing and selling in interstate commerce high quality leather and mixed material products under the Coach Marks. These registrations are valid and subsisting and are incontestable. Through longstanding use, advertising, and registration, the Coach Marks have achieved a high degree of consumer recognition and constitute famous marks.

14. Coach and its predecessors have continuously used the Coach Marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of its goods for four decades.

15. Plaintiff's Coach Marks are highly recognized by the public and serve to identify the source of the goods as Coach.

16. Coach has achieved sales volumes of over three billion dollars annually and has spent over a hundred million dollars in advertising, promoting, and marketing goods bearing the Coach Marks. As such, the Coach Marks and the goodwill associated therewith are valuable assets of Coach.

17. Due to Coach and its predecessors' long use, extensive sales, and significant advertising and promotional activities, the Coach Marks have achieved widespread acceptance and recognition among the consuming public and trade throughout the United States. The arbitrary and distinctive Coach Marks identify Coach as the source/origin of the goods on which it appears.

**B.   Defendants' Infringing Conduct**

18. On or around April 2010, Plaintiff discovered that Alluring, an unknown business entity located at 7710 Balboa Avenue, Suite 310 in the city of San Diego, California, had been offering for sale, and/or selling goods bearing counterfeit reproductions of various marks, including those owned by Coach.

19. On April 23, 2010, a search warrant was served at Alluring and over thirteen thousand counterfeit items were seized. Amongst the seized items were counterfeit Coach handbags, key chains, necklaces, shoes, sunglasses, wallets, and labels.

20. Coach representatives have inspected samples of the Coach-branded merchandise obtained from Alluring and have determined said merchandise to be counterfeit.

21.     Upon information and belief, Defendants Vo Sy and Jacqueline Sy were the active, moving, and conscious forces behind the alleged infringing activities of Alluring.

22.     None of the above-named Defendants are authorized by Coach to manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing any of the Coach Marks.

## FIRST CLAIM FOR RELIEF

### (Trademark Counterfeiting – 15 U.S.C. § 1114)

23.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

24.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Coach Marks in interstate commerce.

25.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' counterfeit products are genuine or authorized products of Coach.

26.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Marks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

27.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

28.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

29.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

30. Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

31. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Coach Marks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Infringement – 15 U.S.C. 1114)

32. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

33. The Coach Marks are nationally recognized, including within the Southern District of California, as being affixed to goods and merchandise of the highest quality and coming from Plaintiffs.

34. The registrations embodying the Coach Marks are in full force and effect and Plaintiffs have authorized responsible manufacturers and vendors to sell merchandise with these marks.

35. Defendants' unauthorized use of the Coach Marks on inferior quality merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods and are of the same quality as that assured by the Coach Marks.

36. Defendants' use of The Coach Marks is without Plaintiffs' permission or authority and is in total disregard of Plaintiffs' rights to control their trademarks.

37. Defendants' activities are likely to lead to and result in confusion, mistake or deception and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or are otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

38. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiffs and reap the benefit of Plaintiffs' goodwill associated with Plaintiffs' trademarks.

39. As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiffs have been injured and will continue to suffer injury to their businesses and reputations unless Defendants are restrained by this Court from infringing Plaintiffs' trademarks.

40. Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

41. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using The Coach Marks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

### THIRD CLAIM FOR RELIEF
**(False Designation of Origin and False Advertising - 15 U.S.C. § 1125(a))**

42. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

43. The Coach Marks are nonfunctional and their inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Plaintiffs as the source of high-quality goods.

44. Defendants' promotion, advertising, distribution, sale, and/or offering for sale of counterfeit Coach products, together with Defendants' use of other indicia associated with Coach is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of said products, and is intended, and is likely to cause such parties to believe in error that the Defendants' counterfeit products have been authorized, sponsored, approved, endorsed or licensed by Coach, or that Defendants are in some way affiliated with Coach

45. Defendants' use of the Coach Marks is without Plaintiffs' permission or authority and is in total disregard of Plaintiffs' rights to control their trademarks.

46. Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

47. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using The Coach Marks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## FOURTH CLAIM FOR RELIEF

**(Federal Trademark Dilution – 15 U.S.C. § 1125(c))**

48. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

49. The Coach Marks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition, and are thus "famous" within the meaning of the Lanham Act.

50.   Defendants have used in commerce in connection with the sale of their products counterfeit reproductions of the Coach Marks, which is likely to cause, and most likely has caused, confusion or mistake as to the affiliation, connection, or association between Defendants and Plaintiffs, or as to the origin, sponsorship, or approval of said counterfeit goods by Plaintiffs.

51.   Defendants' acts described above have diluted and continue to dilute the unique and distinctive Coach Marks. These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Plaintiffs, causing damage to Plaintiffs in an amount to be determined at trial, as well as irreparable injury to the goodwill and reputation associated with the Coach Marks.

52.   Upon information and belief, Defendants' unlawful actions began long after the Coach Marks became famous.

53.   Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on the reputation of the Coach® brand, and to dilute the Coach Marks. Defendants' conduct is willful, wanton, and egregious.

54.   Upon information and belief, the individual Defendants herein named were active, moving, conscious forces behind the alleged infringing activities.

55.   Plaintiffs have no adequate remedy at law to compensate them fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts unless they are enjoined by this Court.

56.   In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Coach Marks, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

/ / /

/ / /

/ / /

## FIFTH CLAIM FOR RELIEF

### (Trademark Dilution in Violation of Cal. & Bus. Prof. Code)

57. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

58. The Coach Marks are distinctive in the State of California by virtue of their substantial inherent and acquired distinctiveness, extensive use in the State of California, and the extensive advertising and wide spread publicity of the marks in the State of California.

59. As a result of the substantial inherent and acquired distinctiveness of the Coach Marks, their extensive use in the State of California, and the extensive advertising and publicity of said marks in the State of California, the Coach Marks have become strong and are widely renowned.

60. The actions of Defendants complained of herein are likely to injure the business reputations and dilute the distinctive quality of the Coach Marks, which are famous.

61. The foregoing acts of Defendants constitute dilution and injury to business reputations in violation of the California Business and Professions Code.

62. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights. Said conduct was despicable and harmful to Plaintiffs and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

63. Upon information and belief, the individual Defendants herein named were active, moving, conscious forces behind the alleged infringing activities.

64. By reason of the foregoing, Plaintiffs are being damaged by Defendants' unauthorized and illegal use of the Coach Marks in the manner set forth above, and will continue to be damaged unless Defendants are immediately enjoined under

Section 14247 of the California Business and Professions Code from using any of the Coach Marks.

65. Plaintiffs will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

66. Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

67. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Coach Marks for any purpose, destruction of the counterfeit merchandise, and recovery of up to three times their profits from, and up to three times all damages suffered by reason of, Defendants' wrongful manufacture, use, display, or sale of infringing products.

## SIXTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

68. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

69. Plaintiffs own and enjoy common law trademark rights to the Coach Marks in California and throughout the United States.

70. Defendants' unlawful acts in appropriating rights in the Coach Marks were intended to capitalize on Plaintiffs' goodwill associated therewith for Defendants' own pecuniary gain. Plaintiffs have expended substantial time, resources and effort to obtain an excellent reputation for their respective brands. As a result of Plaintiffs' efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Plaintiffs.

71. Defendants' unauthorized use of the Coach Marks has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiffs.

72. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiffs.

73. Defendants' acts constitute unfair competition under California common law.

74. Plaintiffs have been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

75. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights. Said conduct was despicable and harmful to Plaintiffs, and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

76. Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

77. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Coach Marks, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants, as follows:

1. Granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

   (a) manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Marks, or any other mark confusingly similar thereto;

   (b) engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Coach;

   (c) engaging in any other activity that will dilute the distinctiveness of the Coach Marks;

   (d) committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiffs;

 2. Ordering Defendants to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all infringing products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

 3. Ordering Defendants to file with this Court and serve on Coach within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

 4. Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

 5. Awarding Plaintiffs all of Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

 6. Awarding treble damages in the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

 7. Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b);

 8. Awarding Plaintiffs' statutory damages pursuant to 15 U.S.C. §1117(c);

9. Such other relief as may be just and proper.

Dated: June 24, 2010

BLAKELY LAW GROUP

By: *(signature)*
Brent H. Blakely
Cindy Chan
***Attorneys for Plaintiffs***
***Coach, Inc. and Coach Services, Inc.***

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury as to all claims in this litigation.

Dated: June 24, 2010

BLAKELY LAW GROUP

By: *(signature)*
Brent H. Blakely
Cindy Chan
***Attorneys for Plaintiffs***
***Coach, Inc. and Coach Services, Inc.***

16
COMPLAINT FOR DAMAGES

JS 44 (Rev 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**ORIGINAL**
JUN 25 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

## I. (a) PLAINTIFFS
COACH, INC.; COACH SERVICES, INC.

**DEFENDANTS**
ALLURING; Vo Sy; Jaqueline Sy

(b) County of Residence of First Listed Plaintiff: New York
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Brent H. Blakely (SBN 157292) Cindy Chan (SBN 247495)
BLAKELY LAW GROUP, 915 N. Citrus Ave., Hollywood, CA 90038-2401
T: 323-464-7400 F: 323-474-7410

Attorneys (If Known)
'10 CV 1344 JAH CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1114 and 1125
Brief description of cause:
Trademark Infringement under Lanham Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 100,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE: 06/24/10
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 14974   AMOUNT $350   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

WB 06-25-10

CR

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS014974
Cashier ID: mbain
Transaction Date: 06/25/2010
Payer Name: BRENT BLAKELY LAW OFFICE
----------------------------------
CIVIL FILING FEE
 For: COACH INC V ALLURING
 Case/Party: D-CAS-3-10-CV-001344-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 2856
 Amt Tendered: $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00
```

There will be a fee of $45.00 charged for any returned check.